PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REVOLUTION SALES AND MARKETING, INC. d/b/a REVOLUTION GOLF, *et al.*, | ) ) ) | CASE NO.  5:14CV00239 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| ONCORE GOLF TECHNOLOGY, INC., *et al.*, | ) ) | |
| Defendants. | ) | **ORDER** [Resolving ECF No. 74] |

Pending before the Court is recently-added Defendant TQ Epsi's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2 and 6), asking the Court to dismiss it from the case for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.  ECF No. 74. Revolution Sales and Marketing, Inc., d/b/a/ Revolution Golf, and HMC Golf, LLC ("Plaintiffs") responded.  ECF No. 83.  The Court has reviewed the motions, responsive briefs and the applicable law.  For the reasons provided below, Defendant TQ Epsi's Motion to Dismiss is granted.

## I.  Procedural and Factual Background

Plaintiffs and Oncore Golf Technology, Inc., Inventures Group Holdings, LLC, Keith Blakely, Bret Blakely (collectively, the "Oncore Defendants") and Noonan Technologies, LLC, Douglas DuFaux, Timothy Owens (collectively the "Noonan Defendants"[1]) ("Defendants")

---

[1]  On December 11, 2014, the Court was informed that Plaintiffs and the Noonan
(continued...)

(4:14CV00239)

entered into business and contractual relationships with Plaintiffs, that involved Plaintiffs'

development and manufacture of golf balls with "a hollow metal core," known as "HMC ball(s)."

ECF No. 1-2 at 3.  The gravamen of the complaint is that Defendants "breached the parties'

agreements," conspired "as part of a fraudulent scheme to wrongfully acquire confidential

information on Plaintiffs' research and development," and "wrongfully deprive[d] Plaintiffs of

the fruits of their labors."  ECF No. 1-2 at 7.

In March 2011, after Plaintiffs had a dispute with the Noonan Defendants regarding

sharing confidential information with the Oncore Defendants, "the parties reached a settlement of

their dispute through a Manufacturing and Supply Agreement" under which OnCore agreed to

purchase 100,000 dozen HMC balls from Plaintiffs.  ECF No. 1-2 at 5.  Plaintiffs aver that they

were fraudulently induced into entering the Manufacturing and Supply Agreement, that OnCore

lacked the funds to purchase the 100,000 dozen balls, and that OnCore had no intention to

purchase the balls.  ECF No. 1-2 at 6.  In October, 2013, Defendants obtained USGA approval

for the HMC ball.  ECF No. 1-2 at 6.  OnCore has since "advised [Plaintiffs] that it has no

intention of honoring its contractual commitment to purchase the 100,000 dozen balls."  ECF No.

1-2 at 6.

Plaintiffs allege that they have ownership rights to the "confidential information they

_____

[1](...continued)
Defendants have dismissed the claims against each other with prejudice and will submit a
joint stipulation of dismissal on or before December 19, 2014.  Therefore, only the
OnCore Defendants and TQ Epsi remain as Defendants in the matter before the Court.

2

(4:14CV00239)

developed on the HMC ball" and that they will suffer "irreparable harm" if Defendants "directly

or indirectly manufacture or sell HMC balls or other balls that incorporate or utilize confidential

information wrongfully obtained from Plaintiffs."  ECF No. 1-2 at 7.  Based on the above

allegations, Plaintiffs seek a preliminary and permanent injunction prohibiting Defendants from

directly or indirectly manufacturing or selling HMC balls or other balls which incorporate

confidential information developed by Plaintiffs.  ECF No. 1-2 at 7.

On July 8, 2014, Plaintiffs filed an amended complaint to, *inter alia*, add a new party as a

defendant, TQ Epsi LLC ("TQ Epsi").  ECF No. 45.  Plaintiffs allege that "Oncore sold the

Patents to TQ EPSI, LLC, which now has a vested interest in the suit filed by Plaintiffs."  ECF

No. 45.  Plaintiffs do not define the word "Patents," nor do they explain what patents TQ Epsi

purchased.  Plaintiffs do not give any additional information regarding TQ Epsi.  TQ Epsi states

that it "is a limited liability (*sic*) formed under Delaware law with a principle place of business in

Texas."  ECF No. 74-1.  In response to the Complaint, TQ Epsi filed a Motion to Dismiss.  The

motion is ripe for adjudication.

## II.  Standard of Review

### A.  Motion to Dismiss for Lack of Personal Jurisdiction

Plaintiff bears the burden of establishing that jurisdiction exists.  *E.g.*, *Neogen Corp. v.
Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002).  "When the district court rules on written

submissions alone the burden consists of a *prima facie* showing that personal jurisdiction exists."

*Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (internal quotation marks omitted).

3

(4:14CV00239)

The Court must view the pleadings and affidavits in the light most favorable to the plaintiff, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000), and must not consider facts proffered by the defendant that conflict with those offered by the plaintiff. *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

A prima facie showing is made by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887. Under this standard, dismissal is proper if all the allegations put forth by the plaintiff collectively fail to state a prima facie case for jurisdiction. *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

**B. Motion to Dismiss for Failure to State a Claim**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, the[] [well-pleaded factual allegations] must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. Despite the overruling of *Conley v. Gibson*, 355 U.S. 41, 47 (1957), it remains that Fed. R. Civ. P. 8(a)(2), is intended to "give the defendant fair notice of what the plaintiff's claim is and the

4

(4:14CV00239)

grounds upon which it rests." Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"Although this is a liberal pleading standard, it requires more than the bare assertion of legal conclusions.  Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (quoting *Se. Tex. Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671-72 (6th Cir. 2006)).  In other words, claims set forth in a complaint must be plausible, not just conceivable.  *Twombly*, 550 U.S. at 570. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 U.S. at 1950 (citing Fed.R.Civ.P. 8(a)(2)).

To determine whether a claim should proceed, the Supreme Court has set forth a legal "plausibility standard" to assess whether the facts convincingly suggest actionable conduct, rather than merely describing conduct that actually occurred.  *Twombly*, 550 U.S. at 556 n.3; *see* RAKESH N. KILARU, *The New Rule 12(b)(6): Twombly, Iqbal, and the Paradox of Pleading*, 62 Stan. L. Rev. 905, 910-11 (2010).  Applying this standard, district court judges should weigh the facts and determine, when necessary, whether they are sufficient to "nudge [the] claims across the line from conceivable to plausible" based on their "judicial experience and common sense." *Twombly*, 550 at 570; *Iqbal*, 129 S. Ct. at 1950.  A suit may proceed as long as plaintiff's complaint crosses that threshold.  *Twombly*, 550 at 570.

5

(4:14CV00239)

### III.  Discussion

### A.  The Court Lacks Personal Jurisdiction over TQ Epsi

TQ Epsi argues that the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Defendant.[2]  Plaintiffs contend that it has not offered any evidence establishing that TQ Epsi has a substantial connection with Ohio because "the claim against TQ Epsi is still in the initial stages of the pleadings and Plaintiffs have not yet had any discovery on these matters."  At the pleadings stage, it is the burden of the Plaintiff to prove that personal jurisdiction exists.  *Schneider*, 669 F.3d at 697. "When the district court 'rules on written submissions alone' the burden consists of "a *prima facie* showing that personal jurisdiction exists."  *Id.* (citing *Serras v. First Tennessee Bank National Association*, 975, F.2d 1212, 1214 (6th Cir. 1989).

Even when the Court views the pleadings in the light most favorable to Plaintiffs, Plaintiffs fail to plead any jurisdictional facts to meet its burden that would allow the Court to perform the two-part jurisdictional inquiry of (1) applying Ohio's long-arm statute, and (2) determining whether the exercise of personal jurisdiction would comport with due process.  *See, e.g., Reynolds v. Int'l Amateur Athletic Federation*, 23 F.3d 1110, 1115 (6th Cir. 1994).  Plaintiffs' Amended Complaint fails to state the principal place of business or place of

---

[2]  "[U]nder Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute."  *Puronics, Inc. v. Clean Res., Inc.*, No. 5:12CV1053, 2013 WL 149882, at *4 (N.D. Ohio Jan. 14, 2013) (quoting *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012)).  Accordingly, the Court will only apply specific jurisdiction analysis to Defendant's Motion to Dismiss for lack of personal jurisdiction.

(4:14CV00239)

incorporation of TQ Epsi, only making a blanket assertion that all Defendants have "engaged in business transactions with or concerning Plaintiffs in the State of Ohio."  ECF No. 45 at 9. Based on the face of the Amended Complaint, the Court is not informed of any contacts that TQ Epsi has had with the state of Ohio.  That TQ Epsi has transacted business with a company (Oncore Golf) that has transacted business with an Ohio-based company does not, alone, give rise to personal jurisdiction.  Because Plaintiffs have failed to present a *prima facie* case, the Court grants Defendant TQ Epsi's Motion to Dismiss for want of specific jurisdiction.

**B.  The Complaint Fails to State A Claim Upon Which Relief Can Be Granted**

Defendant TQ Epsi argues that Plaintiffs have failed to state a cognizable claim against it. In their Amended Complaint, Plaintiffs state that "On or about August 14, 2013, OnCore sold the Patents to TQ EPSI, LLC which now has a vested interest in the suit filed by Plaintiffs."  ECF No. 45 at 6.  The Amended Complaint states nothing more about TQ Epsi.  ECF No. 45.  To survive a motion to dismiss, a Complaint must contain factual allegations that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Plaintiffs' Amended Complaint merely draws a speculative conclusion that TQ Epsi has a vested interest in the litigation because it purchased patents from one of the defendants.  Plaintiffs do not offer any details as to how Defendant TQ Epsi breached an agreement or participated in a scheme to defraud or wrongfully acquire confidential information from Plaintiffs, which is the crux of Plaintiffs' Amended Complaint.  Plaintiffs fail to suggest any misconduct on the part of TQ Epsi that would give way to a conceivable claim, let alone a plausible one.  *See Iqbal*, 556 U.S. at 678.

7

(4:14CV00239)

Although the pleadings standard is a liberal one, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *First American Title Co.*, 480 F.3d at 444 (citing *Conley*, 355 U.S. at 45). Plaintiffs' bare-bone allegations against TQ Epsi provide no fodder for the Court to make inferences.  The Court therefore also grants TQ Epsi's Motion to Dismiss for failure to state a claim upon which relief can be granted.

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendant TQ Epsi's Motion to Dismiss for lack of personal jurisdiction and, in the alternative, for failure to state a claim.


IT IS SO ORDERED.


 December 15, 2014                                 /s/ Benita Y. Pearson            
Date                                             Benita Y. Pearson
                                               United States District Judge